**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

NEW MEXICO STATE INVESTMENT COUNCIL, *et al.*,

Plaintiff,

vs. No. CIV 04-520 MV/ACT

CLIFFORD ALEXANDER, JR., *et al.*,

Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiffs' Motion to Remand or to Abstain, filed May 21, 2004, **[Doc. No. 9]**, and Defendants' Motion to Stay Proceedings Pending Determination of the Multidistrict Litigation Panel, filed May 21, 2004, **[Doc. No. 12]**. The Court, having considered the motions, briefs, relevant law and being otherwise fully informed, finds that Plaintiffs' Motion to Remand or to Abstain will be **DENIED** without prejudice and Defendant's Motion to Stay Proceedings will be **GRANTED**.

**FACTUAL BACKGROUND**

This case arises out of the well-publicized accounting fraud allegedly perpetrated by WorldCom, Inc., ("WorldCom") and certain of its present or former officers or directors. Plaintiffs, the New Mexico State Investment Counsel, New Mexico Educational Retirement Board and New Mexico Public Employees Retirement Association, invested approximately $150 million in WorldCom common stock and bonds. After WorldCom filed for bankruptcy on July 21, 2002, dozens of WorldCom bondholders filed suits against the banks who underwrote

WorldCom bonds, WorldCom's directors and officers, and WorldCom's accountants ("Bondholder Actions"). The majority of these actions were commenced by Plaintiffs' counsel and make nearly identical claims. Virtually all of these actions were transferred by the Judicial Panel on Multidistrict Litigation ("MDL Panel") to the Southern District of New York for consolidated pre-trial proceedings before the Honorable Denise Cote.

On April 20, 2004--one day before WorldCom emerged from bankruptcy--Plaintiffs filed the instant action against several investment/commercial banks who underwrote WorldCom bonds, several officers and directors of WorldCom, and Arthur Andersen, LLP, asserting state law claims for violations of the New Mexico Securities Act, common law claims for negligent representation, and violations of the Securities Act of 1933 ("1933 Act"). The investment/commercial bank defendants, with the consent of the other defendants, removed the case to this Court pursuant to 28 U.S.C. § 1452 on the grounds that it was "related to" WorldCom's bankruptcy and notified the MDL Panel that this action was a potential "tag along" action that should also be transferred. Plaintiffs filed a motion to remand or to abstain and Defendants filed a motion to stay this action to allow the MDL Panel to consider whether this action should be transferred to the Southern District of New York for coordinated or consolidated pretrial proceedings.

On June 24, 2004, the MDL Panel filed an order conditionally transferring this action to the Southern District of New York for coordinated or consolidated pre-trial proceedings. Plaintiffs filed an objection to the order. The MDL Panel is scheduled to resolve Plaintiffs' objection on September 30, 2004.

## LEGAL ANALYSIS

Plaintiffs contend that the Court does not have jurisdiction because their case is not related to the WorldCom bankruptcy proceedings. Plaintiffs also contend that § 22(a) of the Securities Act of 1933 bars removal of their Securities Act claim. In the alternative, Plaintiffs request that the Court abstain or remand the action on equitable grounds. Defendants seek a stay of the case pending the decision of the MDL Panel on transfer of this action to the consolidated proceeding in the Southern District of New York. Defendants contend that a stay should be granted prior to the Court ruling on the motion to remand in order to conserve judicial resources and to reduce the risk of inconsistent rulings.

The decision to grant or deny a temporary stay of proceedings pending a ruling on the transfer of the matter to the MDL court lies within this Court's discretion. *Landis v. North American Co*., 299 U.S. 248, 254-55 (1936); *see also* Rules of the Judicial Panel on MDL, Rule 1.5 ("The pendency of a motion ... before the Panel concerning transfer ... of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.").

The threshold question is whether the Court should address the motion to remand prior to considering the motion to stay. Often, deference to the MDL court for resolution of a motion to remand provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system. *See* 28 U.S.C. § 1407; *see also Rivers v. Walt Disney Co*., 980 F.Supp. 1358, 1360-61 (C.D.Cal. 1997) (staying action pending transfer decision by MDL panel after finding that judicial resources would be conserved and defendant would not be prejudiced). Some courts have even stated that "[t]he general rule is for federal courts to defer ruling on

pending motions to remand in MDL litigation until after the JPMDL has transferred the case to the MDL panel." *Jackson v. Johnson & Johnson, Inc.*, No. 01-2113 DA, 2001 WL 34048067, at *2-3, 6 (W.D. Tenn. Apr. 2, 2001) ("because this case may join many others in the [transferee court], where the same jurisdictional issues are under consideration, the considerations of judicial efficiency and uniformity of result warrant a deferral of Plaintiffs' Motion to Remand to allow [the transferee judge] to determine whether this case should become an MDL case"); *see also Knearem v. Bayer Corp.*, No. 02-2096-CM, 2002 WL 1173551, at *1 (D. Kan. May 7, 2002) (staying action pending MDL transfer because it would allow one judge--the transferee judge--to deal with the common issues raised by remand motions filed by plaintiffs in the transferred actions).

The fullest discussion of the methodological issues raised by simultaneous remand and stay motions in the MDL context appears in *Meyers v. Bayer AG*, 143 F.Supp.2d 1044, 1048-1049 (E.D.Wis. 2001). The *Meyers* court developed the following three-step approach for determining whether a court should decide a stay motion when a remand motion is also pending: First, the court should give preliminary scrutiny to the merits of the motion to remand. If this preliminary assessment suggests that removal was improper, the court should promptly complete its consideration and remand the case to state court. Second, if the jurisdictional issue appears factually or legally difficult, the court should determine whether identical or similar jurisdictional issues have been raised in other cases that have been or may be transferred to the MDL proceeding. Third, if the jurisdictional issue is both difficult and similar or identical to those in cases transferred or likely to be transferred, the court should stay the action. *Meyers*, 143 F. Supp.2d at 1048-49; *see also Board of Trustees of Teachers' Retirement Sys., of State of*

*Illinois v. Worldcom, Inc.*, 244 F. Supp.2d 900, 903 (N.D.Ill. 2002).  The Tenth Circuit has not expressly adopted this approach.  The Court, however, generally agrees with the reasoning and methodology of *Meyers* and, accordingly, incorporates it in its analysis.

The only basis for removal in this case is the bankruptcy removal statute which permits a party to remove a claim or cause of action to the district court for the district where the claim is pending if the district court has jurisdiction of the claim under 28 U.S.C. § 1334.  *Se*e 28 U.S.C. § 1452(a).  Pursuant to 28 U.S.C. § 1334(b), district courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  28 U.S.C. § 1334(b).

"Related to" proceedings are civil proceedings that, in the absence of a bankruptcy petition, could have been brought in a district court or state court.  *In re Colorado Energy Supply, Inc.*, 728 F.2d 1283, 1286 (10th Cir.1984).  "The test for determining whether a civil case is related to a bankruptcy case is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.  Although the proceeding need not be against the debtor or his property, the proceeding is related to the bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action in any way, thereby impacting on the handling and administration of the bankruptcy estate."
*In re Gardner*, 913 F.2d 1515, 1518 (10th Cir.1990) (quotation and citations omitted).

Plaintiffs argue that because WorldCom emerged from bankruptcy prior to the removal of this action, the case is not "related to" the WorldCom bankruptcy.  Defendants counter that WorldCom's emergence from bankruptcy is irrelevant because under the confirmed bankruptcy plan, Defendants' contribution rights have not been extinguished.  According to Defendants,

absent a final order disallowing their proofs of claims, they may still be entitled to a distribution from the WorldCom estate and, therefore, there remains the possibility that a judgment against Defendants could have an effect on the estate. Furthermore, under the bankruptcy plan, the officer and director defendants' legal fees in this case are being paid out of the bankruptcy estate.

Based on this preliminary assessment, it is not obvious that the removal was improper. What is obvious, however, is that the "related to" jurisdictional question raised in Plaintiffs' motion to remand is both factually and legally difficult.

In addition to the factually and legally complicated question of the scope of "related to" jurisdiction, Plaintiffs seek remand based on the grounds that the 1933 Act prohibits removal of claims under 28 U.S.C. § 1452. Section 22(a) of the 1933 Act provides that "no case arising under [the 1933 Act] and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 15 U.S.C. § 77v(a).

However, 28 U.S.C. § 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). Section 1334(b) vests district courts with original jurisdiction in cases "related to" a bankruptcy proceeding. *See* 28 U.S.C. § 1334(b). The plain meanings of § 22(a) and § 1452 clearly conflict.

District courts have taken three different approaches when considering the conflicting language of § 22(a) and § 1452. *Compare In re WorldCom*, 293 B.R. 308, 331 (S.D.N.Y. 2003) (holding removal was proper because § 1452 trumps § 22(a)); with *Tenn. Consol. Ret. Sys*. v.

Citigroup, No. 3:03-0128, 2003 U.S. Dist. LEXIS 10266, *10 (M.D. Tenn. May 12, 2003) (holding removal was improper because § 22(a) trumps §1452); and *Bd. of Trs. of Teachers' Ret. Sys. of Ill. v. Worldcom, Inc*., 244 F.Supp.2d 900 (N.D. Ill. 2002) (finding the issue of removal of a 1933 Act claim under § 1452 legally difficult, and staying the case pending transfer to a MDL court). The Tenth Circuit has not ruled on this issue.

In order to decide the instant remand motion, the Court would have to rule on the "related to" jurisdiction as well as resolve the conflict between § 22 and § 1452. Both of these jurisdictional issues are legally complicated and the "related to" question, which depends in part on the terms of WorldCom's bankruptcy plan, is also factually complex. In addition, the question of whether a case can be considered "related to" a bankruptcy post-confirmation appears to a matter of first impression. The remaining question under the *Meyers* framework, therefore, is whether identical or similar jurisdictional issues have been raised in cases that have been, or may be, transferred to the WorldCom MDL proceeding.

The conflict between § 22 and § 1452 has been addressed by the MDL court in several of the cases consolidated into the MDL proceeding. *See In re WorldCom, Inc. Sec. Litig. (N.Y. City Employees' Ret. Sys. v. Ebbers)*, 293 B.R. 308 (S.D.N.Y. 2003) (addressing nearly identical remand motion filed on behalf of approximately forty-one bondholder plaintiffs); *In re WorldCom, Inc. Sec. Litig. (Pub. Employees Ret. Sys. of Ohio v. Ebbers)*, No. 02 Civ. 3288, 03 Civ. 167, 03 Civ. 338, 03 Civ. 998, 2003 WL 21031974 (S.D.N.Y. May 5, 2003) (same); *In re WorldCom, Inc. Sec. Litig*., No. 03 Civ. 1283, No. 03 Civ. 3860, 03 Civ. 2839, 03 Civ. 4499, 03 Civ. 3859, 03 Civ. 4500, 2003 WL 21702284 (addressing nearly identical remand arguments raised on behalf of approximately twenty bondholder plaintiffs). In fact, Judge Cote, ruling on a remand motion in

the WorldCom proceeding, appears to be the first court to find that the 1933 Act does not preclude removal of individual actions that are "related to" a bankruptcy case. *See In re WorldCom, Inc. Sec. Litig. (N.Y. City Employees' Ret. Sys. v. Ebbers)*, 293 B.R. 308 (S.D.N.Y. 2003). This ruling was upheld by the Second Circuit after a thorough and scholarly analysis of the conflict between the two statutes. *See California Public Employees' Retirement System v. WorldCom*, 368 F.3d 86 (2nd Cir. 2004).

The MDL court has also considered "related to" jurisdiction in a number of nearly identical Bondholder Actions. *See In re WorldCom, Inc. Sec. Litig. (N.Y. City Employees' Ret. Sys. v. Ebbers),* 293 B.R. 308 (S.D.N.Y. 2003) (addressing nearly identical remand motion filed on behalf of approximately forty-one bondholder plaintiffs); *In re WorldCom, Inc. Sec. Litig. (Pub. Employees Ret. Sys. of Ohio v. Ebbers)*, No. 02 Civ. 3288, 03 Civ. 167, 03 Civ. 338, 03 Civ. 998, 2003 WL 21031974 (S.D.N.Y. May 5, 2003) (same); *In re WorldCom, Inc. Sec. Litig*., No. 03 Civ. 1283, No. 03 Civ. 3860, 03 Civ. 2839, 03 Civ. 4499, 03 Civ. 3859, 03 Civ. 4500, 2003 WL 21702284 (addressing nearly identical remand arguments raised on behalf of approximately twenty bondholder plaintiffs). While there is no indication that the MDL court, or any other court, has addressed the issue of "related to" jurisdiction post-confirmation, this issue will likely arise in other cases transferred to the MDL court given the number of similar actions filed by bondholders.

The jurisdictional issues raised in Plaintiffs' motion to remand are both difficult and similar or identical to those in other bondholder cases that have been, or will be, transferred to the MDL. The MDL court has already decided the issues raised in Plaintiffs' remand motion in virtually identical circumstances. Having one court decide the complex jurisdictional issues raised in the

numerous bondholder actions obviously saves judicial resources and reduces the risk of inconsistent rulings. The Court, therefore, finds that a stay is appropriate to further the interests of judicial economy and to avoid inconsistent rulings. The Court, however, must first consider whether prejudice to the non-moving party nonetheless suggests denying the stay.

A stay pending a decision by the MDL Panel will not substantially delay this action. A Conditional Transfer Order was issued on June 24, 2004, and the MDL Panel is scheduled to consider Plaintiffs' objection to the transfer later this month. Plaintiffs, who waited nearly two years after WorldCom filed for bankruptcy to file this action, have not demonstrated that a brief delay will substantially affect their rights. On the other hand, if the stay is not granted, Defendants may be prejudiced by the duplication in efforts required if they are forced to participate in pretrial proceedings in this forum and then the action is transferred to the MDL court. Absent a stay, Defendants also face the risk of inconsistent rulings on substantially the same motions previously addressed by the MDL.

In the absence of any demonstrable prejudice to Plaintiffs, a brief stay is appropriate to further the interests of judicial economy and to avoid inconsistent rulings.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay Proceedings Pending Determination of the Multidistrict Litigation Panel, filed May 21, 2004, **[Doc. No. 12]** is hereby **GRANTED**. This matter is hereby stayed until thirty days after the Judicial Panel on Multidistrict Litigation rules on Plaintiffs' objections to the Conditional Transfer Order transferring this action to the Southern District of New York for coordinated or consolidated pre-trial proceedings.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Remand or to Abstain, filed

May 21, 2004, **[Doc. No. 9]** is **DENIED** without prejudice.

**IT IS FINALLY ORDERED** that Plaintiffs' Request for Expedited Decision on Motion to Remand, filed July 15, 2004, **[Doc. No. 32],** and Plaintiffs' Request for Decision Prior to September 1, 2004 on Motion to Remand or to Abstain, filed August 18, 2004, **[Doc. No. 38]**, are **DENIED** as moot.

Dated this 1st day of September, 2004.

MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

Attorneys for Plaintiffs:
Jerry Wertheim, Esq.

Attorneys for Defendant:
Kenneth L. Harrigan, Esq.